15-406-cr(L)
United States v. Thomas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
　　　　　　REENA RAGGI,
　　　　　　PETER W. HALL,
　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　*Appellee*,

　　　　　　　v.　　　　　　　　　　　　　　　　　No. 15-406-cr(L);
　　　　　　　　　　　　　　　　　　　　　　　　　No. 15-411-cr(CON)

CHRISTOPHER THOMAS,
　　　　　　　*Defendant-Appellant*,

TERRENCE SMITH, MURIEL CHERRY,
　　　　　　　*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　LUCAS ANDERSON (David Stern, *on the brief*), Rothman, Schneider, Soloway & Stern, LLP, New York, New York.

APPEARING FOR APPELLEE:　　　ALICYN L. COOLEY, Assistant United States Attorney (Emily Berger, Assistant United States

1

Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 30, 2015, is AFFIRMED.

Defendant Christopher Thomas appeals his conviction for violation of supervised release on the basis of his commission of an act of public lewdness in violation of N.Y. Penal Law § 245.00(a) (prohibiting intentional exposure of private or intimate parts of body in lewd manner or commission of other lewd act "in a public place"). Thomas asserts that the evidence presented at his violation hearing failed to satisfy the law's public place element. Supervised release may be revoked when a preponderance of the evidence admits a finding that a condition of release has been violated. See 18 U.S.C. § 3583(e)(3). We review a district court's violation finding only for abuse of discretion and its factual findings for clear error. See United States v. Carlton, 442 F.3d 802, 810 (2d Cir. 2006). In conducting our review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

While § 245.00 does not define "public place," the New York Court of Appeals has concluded that a location "is a 'public place' for purposes of this subdivision where the

2

objective circumstances establish that lewd acts committed there can, and likely would, be seen by the casual passerby, whose sensibilities the statute seeks to protect."  People v. McNamara, 78 N.Y.2d 626, 633–34, 578 N.Y.S.2d 476, 481 (1991).  The evidence here showed that Thomas's lewd act was committed in a hallway outside multiple classrooms in the Pratt Institute while classes were in session.  Thomas was facing the hallway and a classroom, with his back to the lockers lining the hallway, when he was observed by a student in one of the classrooms.

Thomas does not contest these facts but argues that they do not meet the legal definition of "public place" because his behavior was targeted at the single witness rather than passersby at large.  The argument fails because § 245.00(a) contains no mens rea requirement as to public observance; rather, the likelihood of public observance is an objective test.  See People v. McNamara, 78 N.Y.2d at 632, 578 N.Y.S.2d at 480 ("[T]he actor's intent is irrelevant to determining what is a 'public place' under Penal Law § 245.00(a).").  We identify no error in the district court's determination that "the objective circumstances in this case make clear that the lewd act that Mr. Thomas is alleged to have engaged in not likely but definitely would be seen by this young student whose sensibilities the statute seeks to protect," App'x 185, and we note as well the high likelihood that he would be seen by other students, faculty, or staff.

3

We have considered Thomas's remaining arguments, and we conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court